1
2
3

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. BRISBIN, individually and dba CONSTRUCTION DEVELOPMENT SYSTEMS, | ) 1:13-cv-699 LJO-GSA )<br>)<br>) |
| Plaintiff | )<br>) **ORDER TO SHOW CAUSE** |
| v. | )<br>) |
| CENTRAL FEDERAL LANDS HIGHWAY DIVISION, | )<br>)<br>) |
| Defendant. | )<br>) |

        Plaintiff, John C. Brisbin (Plaintiff), is appearing pro se in this matter.  On May 13, 2013,

he filed a complaint against Defendant Central Federal Lands Highway Division ("Defendant")

alleging a breach of contract.  (Doc. 1).   He brings this action on his behalf, dba Constuction

Development Systems.

        Plaintiff is not an attorney.  This court's local rules provide that "[a] corporation or other

entity may appear only by an attorney." E. Dist. Local Rule 183(a).  It is well-settled that "[a]

corporation may appear in federal court only through licensed counsel." *United States v. High

Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir.1993) (per curiam); *see also Rowland v. Cal.

Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d

656 (1993) (acknowledging that courts have held that the rationale for the rule requiring that

corporations appear in federal court through an attorney "applies equally to all artificial

entities"); *D–Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir.2004)

("It is a longstanding rule that [c]orporations and other unincorporated associations must appear

in court through an attorney" (citation and quotation marks omitted, modification in original).);

*Church of the New Testament v. United States*, 783 F.2d 771, 773–74 (9th Cir.1986) (applying

1

1    rule to unincorporated associations, such as a church).

2       It appears from the complaint that Plaintiff owns a business, Construction Development

3    Systems, and he entered into a contract with the Central Federal Lands Highway Division to

4    provide services.  It is not clear whether the business is a corporation, however, the business is

5    clearly a separate entity.  Plaintiff may not represent the business pro se.

6       Based on the foregoing, Plaintiff is HEREBY ORDERED to show cause in writing on or

7    before **June  28, 2013,** why this case should not be dismissed for Plaintiff's failure to be

8    represented by an attorney.  In the alternative, Plaintiff may substitute in counsel prior to this

9    date.

10       **Plaintiff is forewarned that his failure to comply with this order may result in an**

11    **order dismissing this complaint pursuant to Local Rule 110.**

13       IT IS SO ORDERED.

14      **Dated:**    **May 31, 2013**           **/s/ Gary S. Austin**

                            UNITED STATES MAGISTRATE JUDGE