# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN C. BRISBIN, individually and dba CONSTRUCTION DEVELOPMENT SYSTEMS,<br><br>            Plaintiff<br><br>    v.<br><br>CENTRAL FEDERAL LANDS HIGHWAY DIVISION,<br><br>            Defendant. | 1:13-cv-699 LJO-GSA<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>**ORDER DIRECTING THE CLERK'S OFFICE TO ISSUE SUMMONS**<br><br>(Doc. 3) |

## I.   Introduction

Plaintiff, John C. Brisbin (Plaintiff), is appearing pro se in this matter. On May 13, 2013, he filed a complaint against Defendant Central Federal Lands Highway Division ("Defendant") alleging a breach of contract. (Doc. 1). He brings this action on his behalf, dba Constuction Development Systems ("CDS").

On May 31, 2013, this Court issued an Order to Show Cause Why this Case Should Not be Dismissed ("OSC"). (Doc. 3). The basis for the OSC was that Plaintiff was suing on behalf of CDS which appeared to be a corporation or other separate entity. Plaintiff was advised *inter alia*, that this court's local rules provide that a corporation or other entity may appear only by an attorney, and as a result Plaintiff needed to retain counsel. See, Local Rule 183(a). On June 28, 2013, Plaintiff timely responded to the OSC. (Doc. 4).

## II.   Discussion

In the response, Plaintiff has provided a copy of a Fictitious Business Name Statement filed in the County of Fresno on November 9, 2011 regarding CDS. Based on this filing, it appears that Plaintiff is operating Construction Development Systems under a fictitious business

1

1 name and CDS is not a separate entity. *Pinkerton's, Inc. v. Superior Court*, 49 Cal.App.4th 1342, 1348 (1996); *accord Providence Washington Ins. Co. v. Valley Forge Ins. Co.*, 42 Cal.App.4th 1194, 1200 (1996) (citations omitted) ("The designation of 'DBA' or 'doing business as' simply indicates [an entity] operates under a fictitious business name. Use of a fictitious business name does not create a separate legal entity."). Accordingly, the OSC will be discharged.

Although the Court will not require that Plaintiff obtain an attorney at this juncture, he may be required to do so in the future. Moreover, although it is not currently required, Plaintiff is nonetheless *strongly* encouraged to do so as this case raises complex legal issues against a United States governmental agency. Plaintiff is forewarned that he must abide by the Federal Rules of Civil Procedure, this Court's Local Rules and orders, as well as other relevant legal authority throughout this litigation. Plaintiff's attention is specifically directed to Fed. R. Civ. P 4(i) with regard to service of the summons and complaint in which the United States or an agency of the United States is named as a defendant. Fed. R. Civ. P. 4(i) provides as follows:

> **(i)   Serving the United States and Its Agencies, Corporations, Officers, or Employees.**
>
> (1) United States. To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity*. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.
>
> (3) *Officer or Employee Sued Individually*. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the

United States and also serve the officer or employee under Rule 4(e), (f), or (g). Fed. R. Civ. P. 4(i)

Plaintiff is advised that he must serve the summons and complaint in accordance with these provisions prior the scheduling conference in this matter.

### III.  Order

In light of the above, the OSC is hereby discharged. The Clerk of the Court is directed to issue summons and serve Plaintiff with new case documents in this case, including consent forms.  The Clerk of the Court shall also set this case for a scheduling conference before the undersigned.


IT IS SO ORDERED.

Dated:   **July 3, 2013**                           **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE