UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN C. BRISBIN,                              CASE NO. CV F 13-0699 LJO GSA

                Plaintiff,        **ORDER ON GOVERNMENT'S F.R.Civ.P. 12**
                                **MOTION TO DISMISS**
                                (Doc. 17.)

        vs.

CENTRAL FEDERAL LANDS
HIGHWAY DIVISION,

                Defendant.

_____/

## **INTRODUCTION**

Defendants United States and its Central Federal Lands Highway Division (collectively "Government") seek to dismiss pro se plaintiff John C. Brisbin's ("Mr. Brisbin's") breach of contract action in that proper jurisdiction lies with the Federal Claims Court, not this Court, under the Tucker Act, 28 U.S.C. § 1491.  Mr. Brisbin asks this Court to effectively waive jurisdictional defects and to delay to rule on the Government's motion to dismiss so he can attempt to locate counsel despite a July 5, 2013 order to advise him to seek counsel.  This Court considered the Government's motion to dismiss on the record and VACATES the March 18, 2014 hearing, pursuant to Local Rule 230(g).  For the reasons discussed below, this Court DISMISSES this action for lack of subject matter jurisdiction.

## BACKGROUND[1]

Mr. Brisbin and the United States entered into a March 17, 2009 contract for construction and repair of the Generals Highway in Sequoia National Park.   Mr. Brisbin performed under the contract which the United States breached by failing to pay Mr. Brisbin. The complaint alleges damages of $823,548.83.

## DISCUSSION

### F.R.Civ.P. 12(b)(1) Motion To Dismiss Standards

F.R.Civ.P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction.  "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326 (1986). Fundamentally, federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994).  A "court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction." *U.S. v. Bravo-Diaz*, 312 F.3d 995, 997 (9th Cir. 2002).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F. 2d 1221, 1225 (9th Cir. 1989).  Limits on federal jurisdiction must neither be disregarded nor evaded.  *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978).  "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001).

When addressing an attack on the existence of subject matter jurisdiction, a court "is not restricted to the face of the pleadings." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988).  In such a case, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.),

---

[1]     The factual recitation summarizes Mr. Brisbin's Complaint for Breach of Contract ("complaint").

*cert. denied*, 493 U.S. 993, 110 S.Ct. 541 (1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *Smith v. Rossotte*, 250 F.Supp.2d 1266, 1268 (D. Or. 2003) (a court "may consider evidence outside the pleadings to resolve factual disputes apart from the pleadings").

No presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts does not preclude evaluation of the merits of jurisdictional claims. *Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

Lack of subject matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S.Ct. 1235 (2006). F.R.Civ.P. 12(h)(3) instructs: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

With these standards in mind, this Court turns to the Government's challenges to this action proceeding in this Court.

### Sovereign Immunity

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769 (1941). "There cannot be a right to money damages without a waiver of sovereign immunity." *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 954 (1983). "[T]he United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965 (1983).

A waiver of traditional sovereign immunity is not implied but must be unequivocally expressed. *See Testan*, 424 U.S. at 399, 96 S.Ct. at 953-954. "[S]tatutes which are claimed to be waivers of sovereign immunity are to be strictly construed against such surrender." *Safeway Portland Emp. Federal Credit Union v. Federal Deposit Ins. Corp.*, 506 F.2d 1213, 1216 (9th Cir. 1974).

A party bringing a cause of action against the federal government bears the burden of

showing an unequivocal waiver of immunity.  *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir.1983), *cert. denied*, 466 U.S. 958, 104 S.Ct. 2168, 80 L.Ed.2d 552 (1984).  "Thus, the United States may not be sued without its consent and the terms of such consent define the court's jurisdiction." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987), *cert. denied*, 487 U.S. 1204, 108 S.Ct. 2845 (1988).  "The question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction." *McCarthy*, 850 F.2d at 560.  "Absent consent to sue, dismissal of the action is required." *Hutchinson v. U.S.*, 677 F.2d 1322, 1327 (9th Cir. 1982).

With these sovereign immunity standards in mind, this Court turns to the Government's challenges to subject matter jurisdiction.

### Limited Tucker Act Sovereign Immunity Waiver

The Government notes that the Tucker Act provides a limited sovereign immunity waiver for contract claims against the Government via a Federal Claims Court action:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a).

The Little Tucker Act, 28 U.S.C. § 1346(a)(2), limits to district courts contract claims against the Government "not exceeding $10,000 in amount."

The Government argues that sovereign immunity bar and waiver principles apply to agencies, including defendant Central Federal Lands Highway Division, a Federal Highway Administration unit.  *See FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit"); *Dept. of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260, 119 S.Ct. 687 (1999).  The Government explains that the Central Federal Lands Highway Division is a United States agency to determine Tucker Act jurisdiction.  *See Blue Water Environmental, Inc. v. U.S.,* 60 Fed.Cl. 48, 51 (2004) ("for purposes of determining Tucker Act jurisdiction, the definition of 'agency' in 28 U.S.C. § 451 is controlling. Section 451 states that, for purposes of the judiciary, 'agency, 'includes any department, independent establishment, commission, administration, authority, board or bureau

of the United States . . .").

The Government concludes that since the complaint seeks more than $10,000 in damages, district court jurisdiction is precluded. "The express inclusion of concurrent district court jurisdiction in the Little Tucker Act suggests that Congress intended to preclude district court jurisdiction over claims in excess of $10,000." *McGuire v. U.S.,* 550 F.3d 903, 912 (9th Cir. 2008)

The complaint alleges more than $10,000 in damages based on the Government's breach of a contract with Mr. Brisbin and reveals that exclusive jurisdiction over its claims is with the Federal Claims Court. This Court's only choice is to dismiss this action in the absence of its jurisdiction. This Court is unable to delay dismissal despite Mr. Bribin's claims of hardship and witness convenience and desire to seek counsel and to mediate his claims. Lack of subject matter jurisdiction is never waived and may be raised by either party or the court sua sponte at any time. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-595 (9th Cir. 1996); *Morongo Band of Mission Indians v. Calif. State Board of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988). As such, this Court is unable to act further in this action other than to dismiss it.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DISMISSES without prejudice this action for lack of subject matter jurisdiction and DIRECTS the clerk to close this action.

IT IS SO ORDERED.

Dated:  __March 12, 2014__          ____/s/ Lawrence J. O'Neill___
                                         UNITED STATES DISTRICT JUDGE